**Opinion filed August 9, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00344-CR

_____

## MELVIN SHAWN PAYNE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Throckmorton County, Texas**
**Trial Court Cause No. 1230**

## MEMORANDUM OPINION

Appellant, Melvin Shawn Payne, originally pleaded guilty to the offense of theft of cattle, a third-degree felony. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for five years. The State subsequently filed a motion to revoke community supervision and adjudicate Appellant's guilt. As a result of that motion, the trial court ordered an additional fine and extended the term of community supervision by one year. Approximately two years later, the State filed another

motion to revoke community supervision and adjudicate Appellant's guilt. At a contested hearing on the motion, the trial court found all of the State's allegations to be true, revoked Appellant's community supervision, adjudicated him guilty of the charged offense, and assessed his punishment at confinement for eight years and the balance of the unpaid fine, fees, and court costs. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the appellate record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief.[1] Counsel also advised Appellant of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 48.4, 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation and to proceed with an adjudication of guilt. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment,

---

[1]We note that this court granted Appellant more than thirty days in which to exercise his right to file a response to counsel's brief and that Appellant has not filed a response.

issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon a review of the record in this cause, we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, the motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

August 9, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]We note that Appellant has a right to file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.